IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, subscribing to Policy No. 940GAPKGPS,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**REACHING SOULS CATHEDRAL OF PRAISE, BERT WITHAM, and THE ROSS FAMILY PARTNERSHIP,**<br><br>　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 5:13-CV-325 (MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This lawsuit involves a dispute about the Plaintiffs' obligations under an insurance policy following a January 2013 fire at the Reaching Souls Cathedral of Praise chapel in Macon. The Plaintiffs seek a declaratory judgment that the insurance policy at issue is void *ab initio* as to Defendant Bert Witham[1] or that the policy does not provide coverage for property lost in the fire. (Doc. 8). Witham has filed a counterclaim asserting the Plaintiffs have an indemnity obligation to him because he held a mortgage interest in the property that burned. (Doc. 10). In support of his counterclaim, Witham disclosed experts who will offer opinions as to the value of the real and personal property damages he allegedly sustained. (Doc. 27-1 to Doc. 27-15).

---

[1] The Court has already entered a default judgment against Defendants Reaching Souls Cathedral and The Ross Family Partnership. (Doc. 15).

The Plaintiffs have moved to strike these experts. (Doc. 27). The Plaintiffs argue the experts' opinions are irrelevant because, as to the buildings and structures, they considered the "replacement cost value" rather than "actual cash value." The policy provides only for actual cash value, according to the Plaintiffs. Similarly, the Plaintiffs contend opinion as to the loss of personal property inside the buildings is irrelevant because the policy limits Witham's potential coverage to real property. Witham disputes these interpretations of the policy, which he alleges provides coverage for replacement cost value and for personal property.

Nevertheless, in response to the motion to strike, Witham's experts supplemented their disclosures to offer opinion regarding "actual cash value" of the real property and to address deficiencies the Plaintiff raised as to their methodology. (Doc. 31-1; Doc. 31-2). According to Witham, the Plaintiffs had not deposed the experts at the time they filed their supplemental reports. (Doc. 31). Moreover, to whatever extent the supplemental reports may have been untimely, there is no evidence or argument the Plaintiffs have actually been prejudiced. Finally, the Court will not resolve at this time issues related to the relevance of yet-to-be deposed experts when those issues require the Court to reconcile disputed interpretations of the insurance policy. Those questions would be more suitably addressed in *Daubert* or dispositive motions. Accordingly, the Plaintiffs' motion to strike is **DENIED**.

However, the Court will allow the Plaintiffs additional time to disclose rebuttal experts. Disclosure must be made within **30 days** of the filing of this Order. Additionally, the discovery period in this case is extended through **September 5, 2014**

for the purpose of deposing the Plaintiffs' rebuttal experts.  The deadline for filing dispositive motions and *Daubert* motions is extended through **October 6, 2014**.

**SO ORDERED**, this 27th day of June, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT